UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO.: 3:09-cv-360-FDW-DSC

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) ) Plaintiff, ) ) vs. ) ) GREGORY K. SILVER, Trustee for ) CHARLOTTE FC, LLC, FLAHERTY ) & COLLINS PROPERTIES A/K/A ) FLAHERTY & COLLINS PROPERTIES, ) LLC, FLAHERTY & COLLINS ) CONSTRUCTION, INC., FLAHERTY & ) COLLINS, INC., DAVID M. FLAHERTY, ) JERRY K. COLLINS, BRIAN PLOSS, ) U.S. BANK NATIONAL ) ASSOCIATION, CHICAGO TITLE ) INSURANCE COMPANY, DUNN ) SOUTHEAST, INC., d/b/a/ R.J. ) GRIFFIN & COMPANY, INC., ) NAVIGATORS SPECIALTY ) INSURANCE COMPANY, EVEREST ) REINSURANCE COMPANY, ) ENDURANCE AMERICAN ) SPECIALTY INSURANCE ) COMPANY and GENERAL SECURITY ) INDEMNITY COMPANY OF ARIZONA, ) ) Defendants. ) | **ORDER ON AGREED ENTRY** |

THIS MATTER comes before the Court on the Consent Agreed Entry Between Westfield Insurance Company, Navigators Specialty Insurance Company, Everest Reinsurance Company, Endurance American Specialty Insurance Company, General Security Indemnity Company of Arizona and Gregory K. Silver, Bankruptcy Trustee for Charlotte FC, LLC. (Doc. No. 92).

**AND IT APPEARING TO THE COURT AND THE COURT FINDING** that after reviewing the Agreed Entry and documents of record, that the Agreed Entry should be entered.

**AND IT FURTHER APPEARING TO THE COURT AND THE COURT CONCLUDING, BASED ON THE FOREGOING FINDINGS** that the Agreed Entry should be entered.

**NOW, THEREFORE, BASED ON THE FOREGOING FINDINGS AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Westfield has no duty under the Westfield Policy to defend/indemnify Trustee/Charlotte FC, LLC, against the underlying civil action referenced in the Agreed Entry as the "Lawsuit."

2. Navigators has no duty under the Navigators Policy to defend/indemnify Trustee/Charlotte FC, LLC, against the "Lawsuit."

3. General Security has no duty under the General Security Policy to defend/indemnify Trustee/Charlotte FC, LLC, against the "Lawsuit."

4. Everest has no duty under the Everest Policy to defend/indemnify Trustee/Charlotte FC, LLC, against the "Lawsuit."

5. Endurance has no duty under the Endurance to defend/indemnify Trustee/Charlotte FC, LLC, against the "Lawsuit."

6. The respective complaint and cross-claims of Westfield, Navigators, General Security, Everest and Endurance against Trustee/Charlotte FC, LLC are hereby dismissed with prejudice.

7. This Agreed Entry is strictly limited to Trustee/Charlotte FC, LLC, and is without prejudice to the rights of the remaining defendants to this action.

8. Based on this order, the following motions are DENIED as moot: Motion to Dismiss by Gregory K. Silver, Trustee/Charlotte FC, LLC (Doc. No. 64); Motion to Dismiss Endurance American Specialty Insurance Company's Cross-Claim by Gregory K. Silver, Trustee/Charlotte FC, LLC (Doc. No. 65); Motion to Dismiss General Security Indemnity Company of Arizona's Cross-Claim by Gregory K. Silver, Trustee/Charlotte FC, LLC (Doc. No. 66); Motion to Dismiss Navigators Specialty Insurance Company's Cross-Claim by Gregory K. Silver, Trustee/Charlotte FC, LLC (Doc. No. 82).

**IT IS SO ORDERED.**

Signed: August 20, 2010

Frank D. Whitney
United States District Judge